WILLIAM SHUSTER, RESPONDENT, v. MATHEW P. A. Mc-
DERMIT, APPELLANT.

Submitted May 27, 1927—Decided February 6, 1928.

For the appellant, *Wight, Wight & Golenbock.*

For the respondent, *Welcome W. Bender.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought in the Supreme Court to recover compensation for personal injuries received by the plaintiff in a collision between an automobile truck which he was driving and an automobile belonging to the fire department of the city of Newark, and appropriated by it to the use of Mathew McDermit, deputy fire chief, and being driven by one McCormick, a member of the department, and assigned by it to that duty. The defendants were McDermit and McCormick, and they were on their way to a fire when the collision occurred. The plaintiff's claim was that the accident was the result of driving at an excessive rate of speed by the latter at an intersecting street corner in Newark, and that McDermit was responsible, as well as McCormick, because the latter was acting as the agent of the former when the collision occurred. The trial resulted in a verdict in favor of the plaintiff and against McDermit (the plaintiff having discontinued as against McCormick at the close of the testimony), and McDermit has appealed from the judgment entered on that verdict.

The principal ground upon which we are asked to reverse

the judgment under review is that, on the facts proved, Mc-Dermit could not be held responsible for the careless driving of McCormick; that there was nothing indicating carelessness on his part contributing to the accident, and that, therefore, it was error for the trial court to refuse to direct a verdict in his favor when requested to do so at the close of the case.

The two defendants were engaged in a common employment, serving the same master, *viz.*, the fire department of the city of Newark. They were fellow-servants, and the fact that one of them held a superior position did not change this status. *McLaughlin* v. *Camden Iron Works, 60 N. J. L. 557; Olsen* v. *Nixon, 61 Id.* 671, 673. As a consequence of this relationship, each was responsible for the results of his own negligence, but not for those arising solely out of the negligence of the other. The only testimony produced indicating that McDermit had anything to do with the operation of the car was that McCormick "was driving under his direction," and that, as they were approaching the street intersection, he said to McCormick, "We have a bad crossing here; you had better pull up a little." If McCormick disregarded this suggestion, and, as the plaintiff claimed, and the jury apparently found, carlessly drove the car over the crossing at an excessive rate of speed, it seems manifest that the collision resulted solely from his negligence; that it was not contributed to by any act or omission on the part of McDermit, and that, consequently, the motion for the direction of a verdict in his favor should have been granted.

Reaching the conclusion that the judgment should be reversed for the reason indicated, we find it unnecessary to consider any other of the grounds for reversal which were submitted on behalf of the appellant.

The judgment under review will be reversed.

*For affirmance*—None.

